United States District Court
Southern District of Texas
**ENTERED**
March 13, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JUAN RICARDO ANGULO RODRIGUEZ,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-cv-00592 |
| | § | |
| **GRANT DICKEY,** *et al.*, | § | |
| | § | |
| Respondents. | § | |
| | § | |

## ORDER

Before the Court is Respondents' Motion to Reconsider (ECF No. 9). For the reasons that follow, the Court now **GRANTS IN PART** the Motion for Reconsideration, **VACATES** the Court's Order of February 3 (ECF No. 6), and **ORDERS** Respondents to provide Petitioner with a bond hearing before an Immigration Judge (IJ) at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner presents a risk of flight or a danger to the community. Respondents must provide this hearing within five (5) days, or else release Petitioner.

   I.   **BACKGROUND**

Petitioner is a citizen of Columbia. ECF No. 1 at ¶ 9. Petitioner entered the United States on an unknown date. at an unknown place on an unknown date. ECF No. 5 at 2. On September 22, 2022, Border Patrol agents encountered Petitioner near San Luis, Arizona and granted humanitarian parole into the United States for a period not to exceed November 23, 2022. ECF No. 1-1 at 7, Exh. B; ECF No. 5 at 2; ECF No. 1 at ¶ 9.  On August 14, 2025, U.S. Immigration

and Customs Enforcement ("ICE") encountered Petitioner and took him into custody. ICE served Petitioner with a Notice to Appear charging him with inadmissibility pursuant to Immigration and Nationality Act ("INA") §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) and 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I). ECF No. 5 at 2. Petitioner is being held subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Petitioner was ordered removed on November 18, 2025, but timely appealed his removal order to the Board of Immigration Appeals. ECF No. 1 at ¶ 10; ECF No. 5 at 2-3. Petitioner's appeal has been pending for more than three months. Petitioner has been detained for 211 days.

On February 3, 2026, this Court ordered Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226. ECF No. 6. Following that order, the Fifth Circuit issued its decision in *Buenrostro-Mendez v. Bondi*, No. 25- 20496, ---- F.4th ---- 2026 WL 323330 (5th Cir. Feb. 6, 2026). Pursuant to that decision, on February 10, 2026, an IJ denied bond, finding that the "Court [did] not have jurisdiction to hear the bond redetermination," citing *Buenrostro-Mendez*. ECF No. 8-1, Exh. 1. Respondents then field the instant Motion to Reconsider

## II.   ANALYSIS

This Court agrees with Respondents that Petitioner is properly subject to § 1225 under *Buenrostro-Mendez*, which forecloses Petitioner's statutory claim. ECF No. 9 at 2-5. Therefore, the relief previously ordered by this Court—a bond hearing under § 1226—is not the appropriate relief for Petitioner.

However, in his Petitioner, Petitioner also argued that his detention violates, *inter alia*, the Due Process Clause of the Fifth Amendment. ECF No. 1 at ¶¶ 28-30. The Court agrees that Petitioner's continued, indefinite detention violates his due process rights.

The Court recently addressed a nearly identical set of facts in *Salvador Rodriguez v. Frink*, No. 4:26-CV-00798 (S.D. Tex. Mar. 13, 2026) (Ellison, J.). In that case, this Court found that the petitioner's ongoing mandatory detention violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Salvador Rodriguez*, No. 4:26-CV-00798 (quoting *Demore v. Kim*, 538 U.S. 510, 527 (2003)). For the same reasons articulated in that case, the Court reaches the same conclusion here. Because the Court agrees with Petitioner that his ongoing detention violates the Due Process Clause, it declines to address his additional arguments.

For the same reasons previously articulated in *Salvador Rodriguez*, the Court concludes that "the appropriate remedy [for the violation of Petitioner's due process rights] is a bond hearing at which the Government bears the burden of proving by clear and convincing evidence that 'continued detention is needed to prevent [Petitioner]] from fleeing or harming the community.'" *Salvador Rodriguez*, No. 4:26-CV-00798 (quoting *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 213-14 (3d Cir. 2020)). Other courts addressing similar circumstances have ordered the same or similar remedies. *E.g., Armando Gomez Hernandez, v. ICE Field Off. Dir., El Paso, Texas et al*, No. EP-26-CV-67-KC, 2026 WL 503958, at *3 (W.D. Tex. Feb. 23, 2026) (ordering bond hearing where government bears the burden to prove flight risk or danger by clear and convincing evidence); *Rodriguez v. Bondi*, No. EP-26-CV-00292-DB, 2026 WL 523055, at *2 (W.D. Tex. Feb. 25, 2026) (same); *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (ordering immediate release).

### III.   RELIEF

The Court therefore **ORDERS** as follows.

1. The Court **VACATES** its Order of February 3 (ECF No. 6).

2. Respondents must provide Petitioner with a bond hearing before an IJ at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner presents a risk of flight or a danger to the community. **Respondents must provide this hearing within five (5) days, or else release Petitioner.**

3. Respondents must file an advisory with the Court **on or before March 20, 2026**, informing the Court of the result of the hearing and Petitioner's custody status.

Therefore, the Court **VACATES** its Order of February 3 (ECF No. 6).

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on March 13, 2026.

                                              Keith P. Ellison
                                              United States District Judge